UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JOHN POULLARD** | **CIVIL ACTION NO. 7-1948** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **RICHARD STALDER, LOUISIANA DEPARTMENT OF CORRECTIONS** | **MAGISTRATE JUDGE HAYES** |

**ORDER**

Before the Court is a Motion To Vacate Judgment on Writ of Habeas Corpus. Record Document 37. Petitioner John Poullard ("Poullard") asks the Court to vacate its judgment denying habeas relief, Record Document 36, based on new caselaw from the Fifth Circuit, namely Price v. Warden, 785 F.3d 1039 (5th Cir. 2015).

The threshold question presented by Petitioner's motion is whether the Court should entertain it as a motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b) or instead treat it as a second or successive habeas petition, which under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b), cannot be filed in this Court without precertification by the United States Court of Appeals for the Fifth Circuit. Where a motion in a habeas proceeding "seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits," the motion should be construed as a successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 524-25 (2005). Where, on the other hand, a motion or the federal judgment from which the motion seeks relief does not "substantively address[]

federal grounds for setting aside the movant's state conviction," the motion should be treated as a motion for relief from a judgment under Rule 60(b).

In his petition for habeas relief, Petitioner alleged that a prison disciplinary decision revoking the accumulation of 120 days good time violated the Ex Post Facto Clause of the U.S. Constitution. Record Documents 1 and 35. The magistrate judge issued a report and recommendation thoroughly examining the merits of Petitioner's ex post facto claim. Record Document 35. The Court adopted the magistrate's report and recommendation in its judgment denying habeas relief. Record Document 36. The motion that is now before the Court argues that Price casts serious doubt on the merits of the Court's conclusion that the disciplinary action at issue in this matter did not violate the Ex Post Facto Clause. Accordingly, the Petitioner's motion "attacks the federal court's previous resolution of a claim on the merits," and therefore must be construed as a successive petition for habeas relief. See Crosby, 545 U.S. at 524-25.

Before a habeas petitioner may file a second or successive application in the district court, he must first obtain authorization from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains authorization, this Court is without jurisdiction to proceed. Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

Accordingly, **IT IS HEREBY ORDERED** that this action is stayed for a period of sixty (60) days. Petitioner's failure to obtain authorization within that time from the United States Court of Appeals for the Fifth Circuit to proceed with this action will result in this

petition being stricken from the record.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 16th day of September, 2016.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE